**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001137
30-NOV-2017
08:43 AM**

NO. CAAP-14-0001137

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF THE
RESIDENTIAL ASSET SECURITIZATION TRUST 2006-A8, MORTGAGE PASS
THROUGH CERTIFICATES, SERIES 2006-H UNDER THE POOLING AND
SERVICING AGREEMENT DATED JUNE 1, 2006, Plaintiff-Appellee,
v.
MICHAEL C. GREENSPON, Defendant-Appellant,
and
JOHN DOES 1-50; AND JANE DOES 1-50, Defendants

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
LAHAINA DIVISION
(DC-CIVIL NO. 10-1-2608)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Ginoza and Chan, JJ.)

Defendant-Appellant Michael C. Greenspon (**Greenspon**),
*pro se*, appeals from the following, entered in the District Court
of the Second Circuit, Lahaina Division (**District Court**)[1] in
favor of Plaintiff-Appellee Deutsche Bank National Trust Company,
as Trustee of Residential Asset Securitization Trust 2006-A8,
Mortgage Pass-Through Certificates, Series 2006-H Under the
Pooling and Servicing Agreement Dated June 1, 2006 (**DBNTC**):

---

[1] The Honorable Blaine J. Kobayashi presided, except as otherwise
noted.

(A) "Order Denying [Greenspon's] Motion for Costs and Attorneys' Fees and [District Court Rules of Civil Procedure (DCRCP)] Rule 11 Sanctions" (**Order Denying Fees/Costs**) entered on July 23, 2014;

(B) an order denying Greenspon's motion for reconsideration of the Order Denying Fees/Costs (**Order Denying Reconsideration**), entered on August 27, 2014; and

(C) a document titled as an order, but stamped "DENIED" as to Greenspon's request for taxation of costs (**Taxation of Costs document**), filed on September 22, 2014.

On appeal, Greenspon contends that the District Court abused its discretion by: (1) "avoiding determination of the [DCRCP] Rule 11 violation based on an erroneous rationale" and also denying reconsideration; (2) failing to find sanctionable Rule 11 conduct by DBNTC; and (3) denying his request for taxation of costs without an explanation.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant legal authorities, we resolve Greenspon's points of error as follows, and we affirm.

**(1) Denial of Rule 11 Sanctions.** DBNTC initiated this case in the District Court on July 21, 2010, by filing a Verified Complaint for Ejectment (**Complaint**), asserting that it was the fee simple owner of the subject property by virtue of a non-judicial foreclosure sale and the recording of a Quitclaim Deed in the Bureau of Conveyances, State of Hawaii on May 7, 2010. DBNTC sought a judgment and writ of possession against Greenspon.

On December 1, 2010, DBNTC filed a motion for summary judgment. In response, on January 20, 2011, Greenspon filed an opposition to the summary judgment motion and a Motion to Dismiss for Lack of Subject Matter Jurisdiction (**Motion to Dismiss**). Soon thereafter, on January 26, 2011, Greenspon filed a separate action in the Circuit Court of the First Circuit (**Circuit Court**)

against various parties related to the non-judicial foreclosure, including DBNTC, asserting claims for: wrongful foreclosure and quiet title; injunctive relief; and unfair and deceptive acts and practices (**UDAP**) and fraud (**Circuit Court Action**).[2]

Initially, the District Court orally granted DBNTC's summary judgment motion in the ejectment action, but subsequently vacated that ruling. Instead, the District Court granted Greenspon's motion to dismiss for lack of jurisdiction because Greenspon had demonstrated that title to the property was in dispute. The order dismissing the District Court ejectment action was issued on March 3, 2011.[3] The parties then proceeded to litigate the Circuit Court Action.

On June 6, 2014, Greenspon filed in the District Court a "Motion for Costs and Attorneys' Fees as DCRCP Rule 11 Sanctions" (**Motion for Fees/Costs**).[4] Greenspon asserted in his motion that, after the ejectment action was dismissed, he had obtained discovery in the Circuit Court Action of various facts

---

[2] On February 7, 2011, Greenspon requested that the District Court take judicial notice of the Circuit Court Action.

[3] The Honorable Rhonda I.L. Loo granted summary judgment to DBNTC at a hearing on January 27, 2011. Subsequently, Judge Kobayashi vacated the summary judgment ruling and granted Greenspon's motion to dismiss for lack of jurisdiction.

[4] In the Motion for Fees/Costs, Greenspon cited to both DCRCP Rule 11 and Hawaii Revised Statutes (**HRS**) § 607-14.5 as grounds for awarding fees and costs. However, on appeal, Greenspon only argues pursuant to DCRCP Rule 11, which provides in pertinent part:

> The signature of an attorney or party constitutes a certificate by the signatory that the signatory has read the pleading, motion, or other paper; that to the best of the signatory's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. . . . If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

3

establishing, *inter alia*, that "[n]one of [DBNTC's] deeds convey to it any rights of possession in [the property] that would serve as a valid basis to bring an ejectment claim[.]". Greenspon thus asserted that DBNTC had improperly filed the ejectment action in violation of DCRCP Rule 11.

The District Court denied Greenspon's motion without prejudice in the Order Denying Fees/Costs, explaining that:

> As represented by counsel for Plaintiff in the Opposition, Greenspon v. Deutsche Bank National Trust Company, CAAP-13-0001432, is currently on appeal. As the Court understands, that case involves among other things, issues relating directly to the issue of title to the subject property. The outcome of said appeal may have a direct bearing upon the instant case. Accordingly, unless and until a decision has been made on said appeal, the Motion may be premature and is therefore being denied without prejudice.

On August 4, 2014, Greenspon filed a motion for reconsideration of the Order Denying Fees/Costs, which the District Court denied on August 27, 2014.

Greenspon contends that DBNTC's "reckless and/or intentional misrepresentation of falsified documents" in its Complaint in the District Court resulted in Greenspon "incurring more than $22,000 of attorneys' fees and costs . . . to successfully defend what is ultimately an unfair, deceptive and fraudulent collections action." Greenspon argues that this warrants DCRCP Rule 11 sanctions against DBNTC.

We review the District Court's Order Denying Fees/Costs for abuse of discretion. Chun v. Bd. of Trs. of Emps.' Ret. Sys. of State of Hawaiʻi, 106 Hawaiʻi 416, 431, 106 P.3d 339, 354 (2005) (citations omitted); Enos v. Pac. Transfer & Warehouse, Inc., 79 Hawaiʻi 452, 459, 903 P.2d 1273, 1280 (1995). Likewise, we review the District Court's denial of reconsideration for abuse of discretion. Ass'n of Apartment Owners of Wailea Elua v. Wailea Resort Co., Ltd., 100 Hawaiʻi 97, 110, 58 P.3d 608, 621 (2002).

Greenspon's motion for Rule 11 sanctions is grounded in his claims that the non-judicial foreclosure, which lead to the property being transferred to DBNTC, was improper and that DBNTC

4

failed to make reasonable inquiry to support its Complaint seeking ejectment. Greenspon's assertions of wrongful conduct by DBNTC have been the subject of ongoing litigation. As noted by the District Court in its Order Denying Fees/Costs, the Circuit Court Action was pending on appeal at the time Greenspon was seeking the Rule 11 sanctions in the District Court. Moreover, the District Court correctly noted that the Circuit Court Action involved issues of title to the property and those issues appear to bear directly on Greenspon's Rule 11 claims. Thus, the District Court did not abuse its discretion by denying Greenspon's motion for fees and costs without prejudice.[5]

As to Greenspon's motion for reconsideration, the District Court properly denied the motion given that Greenspon did not present additional evidence or arguments that could not have been presented in his original motion, and instead attempted to relitigate his initial motion. Sousaris v. Miller, 92 Hawai'i 505, 513, 993 P.2d 539, 547 (2000).

(2) **Taxation of Costs.** We lack appellate jurisdiction to review the Taxation of Costs document. Greenspon sought taxation of costs pursuant to DCRCP Rule 54(d), which provides in pertinent part: "Costs may be taxed by the clerk on 48 hours' notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court." The Taxation of Costs document is not signed by a clerk or a judge of the District Court. Rather, it merely contains the word "DENIED" stamped on the front and back of the document.

HRS § 604-20 (2016) states in relevant part that "[t]he clerks of the district court shall have, within the scope of the

---

[5] We note that this court subsequently issued a Memorandum Opinion on June 14, 2016, in which we affirmed the Circuit Court's grant of summary judgment in favor of DBNTC on Greenspon's claims for wrongful foreclosure, UDAP and fraud. See Greenspon v. Deutsche Bank Nat'l Tr. Co., No. CAAP-13-0001432, 2016 WL 3280366 (Hawai'i App. Jun. 14, 2016) (Mem. Op.). As to the Circuit Court's summary judgment in favor of DBNTC on its counterclaim for ejectment against Greenspon and Greenspon's claim for quiet title and injunctive relief, we vacated and remanded based on the Hawai'i Supreme Court's decision in Kondaur Capital Corp. v. Matsuyoshi, 136 Hawai'i 227, 361 P.3d 454 (2015). Id. at *5-7, 14.

5

jurisdiction of the district courts, all the powers of clerks of other courts of record, including the power to . . . <u>sign and issue</u> garnishee summons, writs of attachment, execution and possession, <u>and other process</u>[.]" (Emphasis added.) The Taxation of Costs document does not contain any type of signature by a clerk or judge, and therefore does not constitute an order that is eligible for appellate review. <u>See</u> Rule 4(a) of the Hawai'i Rules of Appellate Procedure (when permitted by law, a notice of appeal may be filed in a civil appeal within 30 days from "entry of the judgment or appealable order.").

Therefore, IT IS HEREBY ORDERED THAT the Order Denying Fees/Costs filed on July 23, 2014, and the Order Denying Reconsideration filed on August 27, 2014, by the District Court of the Second Circuit, Lahaina Division, are affirmed.

We lack appellate jurisdiction to review the Taxation of Costs document filed on September 22, 2014.

DATED: Honolulu, Hawai'i, November 30, 2017.

On the briefs:

Michael C. Greenspon,
Defendant-Appellant, pro se.

Charles R. Prather,
Sofia Hirosane McGuire,
Steven Idemoto,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

6